UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6309-Cr-SEITZ (S)(S)

**NIGHT BOX
FILED**

NOV 19 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JOHN O'SULLIVAN, et al.,

      Defendant.

_____/

## MOTION TO SEVER

    The defendant, JOHN O'SULLIVAN, through counsel and pursuant to Rule 8(b) and Rule 14 of the Federal Rules of Criminal Procedure respectfully moves for an order severing the defendant and in support thereof says as follows:

### Rule 8(b) Severance

    Count one of the superseding indictment charges 14 Defendants with conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity in violation of Title 18 U.S.C. §1962(d) (" Racketeering count"). The violations of law alleged in the Racketeering count include receiving and selling stolen property, money laundering, engaging in illegal gambling through

1

interstate commerce, travel in aid of racketeering activity, obstruction of state and local law enforcement, bank fraud, mail fraud, wire fraud, collection of credit by extortionate means, making extensions of credit by extortionate means, and obstruction of justice. The indictment charges that the Racketeering conspiracy began in 1995 and continued up to the return of the superseding indictment on August 14, 2001.

The Defendant has only been charged in three counts: (1) count one, the Racketeering conspiracy, (2) count four, charging him with conspiracy to make extortionate loans in violation of Title 18 U.S.C.§ 891, and (3) count five, charging him with conspiracy to participate in the use of extortionate means to collect a loan in violation of Title 18 U.S.C.§ 894.

The following is a summary of the other 52 counts of the superseding indictment in which the Defendant has not been named. Count two charges co-defendants with conducting an illegal gambling business involving five or more persons, in violation of Title 18 U.S.C.§1955. Count three charges co-defendants with conspiracy to obstruct the enforcement of criminal law with the intent to facilitate an illegal gambling business in violation of Title 18 U.S.C. §1511. Counts six and seven charge co-defendants with conspiracy to launder the proceeds of illegal gambling and other unlawful activity in violation of Title 18 U.S.C. §§ 1956 & 1957. Counts 8 through 13 charge co-defendant John Mamone with engaging in monetary transactions involving criminally derived property in violation of Title 18 U.S.C. §1957. Count 14 charges various co-defendants with conspiracy to conduct financial transactions that involved the proceeds of an unlawful activity in violation with Title 18 U.S.C. §1956. Count 15 charges John Mamone with engaging in monetary transactions involving criminally derived property in violation with Title 18 U.S.C. §1957. Counts 16 through 45 charge various co-defendants with money laundering in violation of Title 18 U.S.C. §1957.

2

Counts 46 through 55 involve additional charges of money laundering against co-defendants in violation with Title 18 U.S.C. §1957.

To be joined as defendants in the same indictment under Rule 8(b), the indictment must allege that the defendants participated in (1) the same act or transaction or (2) the same series of acts or transactions constituting an offense or offenses. *United States v. Marionneaux*, 514 F.2d 1244, 1248 (5th Cir. 1975). The propriety of joinder is to be determined before trial by examining the allegations contained in the indictment. *United States v. Morales,* 868 F.2d 1562, 1567 (11th Cir. 1989). To determine whether a joinder is proper, the Court must determine from the face of the indictment whether the allegations, taken as true, establish a single conspiracy. *United States v. Andrews*, 765 F.2d 1491, 1496, (11th Cir. 1985). Applying this analysis to the face of the indictment it becomes apparent that the defendant has been misjoined  because there are multiple unrelated conspiracies.

The separate money laundering conspiracies involving the co-defendants do not constitute the same act or transaction or the same series of acts or transactions as the Racketeering conspiracy. The Racketeering allegations against the Defendant involved the making of extortionate loans and the collection of extortionate loans. These also comprised the substantive charges of counts four and five. The gambling offenses and the money laundering conspiracies against the co-defendants do not fall within the same series of acts or transactions as the Racketeering conspiracy. The Defendant has not been charged in any of the money laundering counts, and his inclusion in this multiple conspiracy indictment is a clear misjoinder.

Furthermore, the Racketeering conspiracy in count one appears to allege multiple conspiracies. In *United States v. Fernandez*, 892 F.2d 976 (11th Cir. 1989), the court used the

3

"wheel" conspiracy analogy explain the connection that must exist between defendants to establish

a single conspiracy:

> For a wheel conspiracy to exist, those people who form the wheel's spokes must have been aware of each other and must do something in furtherance of some single, illegal enterprise. [Citing *Blumenthal v. United States*, 68 S.Ct. 248, 356-67(1947)]. Otherwise the conspiracy lacks 'the rim of the wheel to enclose the spokes.' [Citing *Kotteakos v United States*, 66 S.Ct. 1239,1243 (1946)]. If there is not some interaction between those conspirators who form the spokes of the wheel as to at least one common illegal object, the "wheel" is incomplete, and two conspiracies rather than one are charged. [Citing *United States v. Levine*, 546 F.2d 658, 663 (5th Cir. 1977).

*Id.* at 986. The mere fact that persons worked together to advance a common lawful can not be the

basis of a conspiracy conviction unless the government shows "that they agreed to use criminal

means to pursue that end, for it is fundamental to the law of conspiracy that the government show

and agreement between two or more persons to commit a *crime. Id.* 892 F.2d at 987. (emphasis in

original). In *Fernandez* the court found the common legal goal was to secure and retain a health care

contract but that there were separate conspiratorial agreements to accomplish this goal, which were

not joined by one agreement. *Id.*

The Racketeering count indictment clearly shows the existence of separate and independent

conspiracies. As set forth in the "Manner and Means of the Conspiracy" portion of count one, the

defendant is charged  with participating in a loanshark business that involved the making of

extortionate loans. (Count one, ¶ 14). It also charges the Defendant with obtaining and selling stolen

property. However,  the business of the enterprise included a number of unlawful activities with

which the Defendant was never involved nor was he charged.  It is clear that the Racketeering

conspiracy consisted of multiple groups carrying on separate activities, though the common thread

throughout the Racketeering allegations appears to be John Mamone, who appeared to be the hub

of the conspiracy. Other than the loansharking aspect of the conspiracy, and to a very limited extent the stolen property aspect, the Defendant was unconnected with any of the other alleged illegal activities of the Racketeering conspiracy. As a participant in only limited activities, the Defendant's inclusion in count one is clearly a misjoinder and warrants a severance of the Defendant.

## Rule 14 Severance

If the evidence adduced at trial appears to prejudice the Defendant because of a misjoinder or a prejudicial joinder of defendants, under Rule 14, "the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." Fed.R.Crim.P. 14. A severance pursuant to Rule 14 is warranted, "when a defendant demonstrates that a joint trial will result in 'specific and compelling prejudice' to his defense." *United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001) (citing *Unites States v. Walker*, 720 F.2d 1527, 1533 (11th Cir. 1983). "Compelling prejudice occurs when the jury is unable 'to separately appraise the evidence as to each defendant and render a fair and impartial verdict'" *Id.* (Citing *United States v. Meester*, 762 F.2d 867, 883 (11th Cir. 1985).

A Rule 14 severance motion is normally considered at trial when the prejudicial effect of a misjoinder can be determined. "We believe that whether joinder is improper based on events occurring at trial is best dealt with under Rule 14." *United States v. Fernandez*, 892 F.2d (11th Cir. 1989)(quoting *United States v. Morales*, 868 F.2d 1562, 1568 (11th Cir. 1989). A defendant satisfies the compelling prejudice requirement by demonstrating that a jury is unable to sift through the evidence and "make an individualized determination as to each defendant." *United States v. Schlei*,

122 F.2d 944, 984 (11th Cir. 1997)(quoting *United States v. Saget*, 991 F.2d 702, 707 (11th Cir. 1993). *See also United States v. Pedrick*, 181 F.2d 1264 (11th Cir. 1999)(upholding an order granting motion for new trial based upon prejudicial misjoinder where defendant suffered spillover prejudice from overwhelming evidence against co-defendant when tried together in multi-count mail, wire fraud and money laundering indictment.)

The Defendant was first brought into the case with the return of the second superseding indictment on August 14, 2001. According to the tape recordings produced by the government in discovery, the time frame of the case against the Defendant began after the first indictment was returned in October of 2000. It shows that his alleged involvement was limited to the tail-end of the loanshark business of the conspiracy. Yet, this conspiracy allegedly began five years earlier in 1995.

Except for the allegation that he was involved in a very limited manner with the sale of some stolen property, the Defendant is not linked with any other criminal activity in the indictment. The defendant's name is barely mentioned in this indictment, which demonstrates that his role was smaller in scope than the other defendants. But the evidence which the government intends to offer to prove these allegations will unquestionably result in spillover prejudice to the Defendant. By trying the Defendant jointly with all other defendants, there is a substantial danger the Defendant will suffer compelling prejudice as a result of the joint trial because the jury will be unable to sort through the co-defendants' evidence in order to make a separate and individual determination of the defendant's charges. In light of the compelling prejudice that a joint trial will bring, justice requires that the Defendant's case be severed for trial.

6

**88.9 CERTIFICATE**

Prior to filing the motion herein, Counsel for the defendant was unable to reach by telephone, Assistant United States Brian McCormick, who is handling this matter for the government, but counsel anticipates that the government opposes the motion to sever the defendant.

Respectfully submitted,

LAW OFFICES OF KENNETH M. SWARTZ, P.A.
New World Tower, Suite 2100
100 N. Biscayne Boulevard
Miami, Florida 33132-2306
Tel:  305-579-9090/Fax:  305-371-4380

By:_____
        KENNETH M. SWARTZ
        Florida Bar No. 331929

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail this 20 day of November, 2001, upon Brian McCormick and Diane Fernandez, Assistant United States Attorneys, 500 E. Broward  Blvd. Suite 700, Ft. Lauderdale, FL 33394.

Kenneth M. Swartz

7