UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:   00-6309-CR-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOHN MAMONE,

    Defendant,

and

GRACE MAMONE,

    Interested Party.
_____/

## NOTICE OF FILING

COMES NOW, the Interested Party, Grace Mamone, by and through her undersigned counsel, and respectfully files with this Honorable Court a copy of correspondence terminating Grace Mamone's agreement with Cargo Transportation, Inc.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished this **3rd day of May, 2004**, to: AUSA Diana L.W. Fernandez and AUSA J. Brian McCormick, Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33394.

    Respectfully submitted,

    LAW OFFICES OF RICHARD L. ROSENBAUM
    350 EAST LAS OLAS BOULEVARD (SUITE 1700)
    Ft. LAUDERDALE, FLORIDA 33301
    TELEPHONE: (954) 522-7007
    FLA. BAR NO: 394688

    RICHARD L. ROSENBAUM

1349R-00001 370397 1

LAW OFFICES

## BILLING, COCHRAN, HEATH, LYLES, MAURO & ANDERSON, P.A.

POST OFFICE BOX 21627
FORT LAUDERDALE, FLORIDA 33335-1027

888 S.E. 3RD AVENUE, SUITE 301
FORT LAUDERDALE, FLORIDA 33316
(954) 764-7150
FAX: (954) 764-7279

400 AUSTRALIAN AVENUE SOUTH, SUITE 800
WEST PALM BEACH, FLORIDA 33401
(561) 659-8970
FAX: (561) 659-8173

3001 N. ROCKY POINT DRIVE EAST, SUITE 200
TAMPA, FLORIDA 33607
(813) 281-4671
FAX: (813) 289-7748

GREGORY T. ANDERSON
CLARK J. COCHRAN, JR
W. TUCKER CRAIG
HAYWARD D. GAY
THOMAS C. HEATH
DENNIS E. LYLES
JOHN W. MAURO
KENNETH W. MORGAN, JR.
KEVIN M. VANNATTA

STEVEN F. BILLING (1947-1998)

HAL B. ANDERSON
MICHAEL V. BAXTER
RONALD FIENDEKOVIC
VIVIAN H. AZIO
CAROL J. KALY GLASGOW
KERA E. HAAN
JACK HEDA D.P.M
GREGORY F. KEYSER
JANIS BRUSTARES KEYSER
DANIEL L. OBEY
KRISTA K. MAYFIELD
SHAWN B. MCKAMEY
T. CHRISTINE PEREZ
ANDREW A. RIEF
KAREN O. SLATER
PHILLIP W. THOON
MICHAEL A. WEISS

March 25, 2004

PLEASE REPLY TO:
FORT LAUDERDALE

**CERTIFIED MAIL -
RETURN RECEIPT REQUESTED**

Mrs. Ana Grace Mamone
1960 Augusta Terrace
Coral Springs, FL 33071

[Post-It brand fax transmittal memo 7671 — To: Richard — From: Stephen — Fax: 954 522-7003]

Dear Mrs. Mamone:

Unfortunately, as a result of significant disruption and change in the business conditions and operations of Cargo Transportation, Inc., the company and Stacey Bell have no alternative but to terminate their agreement with you which you executed on April 21, 2003. As a result, none of the parties to this agreement are further obligated pursuant to Section 3.9 of that agreement.

For your information, the significant disruption and change in the business conditions and operations of Cargo Transportation, Inc. include, but are not limited to, those matters set forth below:

1) As of 4/1/03, David Bell, a vital employee of CTS, left the company to begin a prison term. This impacted the business significantly. You recognized that this was going to substantially impact the business and was the main reason for the new agreement.

2) As of May, 2003, the NE AF Div showed a loss of $2176.94 for that month, not including what was paid to AGM, and Bank Atlantic. Total loss would be over -$10,000 for the month.

3) These losses continued through the end of 2003, and involve a total loss of over $15,000, not including the monies paid to AGM and Bank Atlantic which is another 10k per month.

4) Around December 2003, you and your husband were named in a Federal Indictment involving drug smuggling. The Indictment names Gateway Transportation and was publicized in the newspaper. Gateway Transportation reflects upon the operations of the NEAF div. as some of its customers were active while Gateway was operating and continued to use our services once CTS was formed. These customers have inquired as to involvement of anyone else in CTS in this criminal activity and some have stopped using the services of CTS.

Ana Grace Mamone
Page Two
March 25, 2004

5) In addition, several major customers filed bankruptcy: Arrow Air, Fine Air, Polar Air, Atlas Air. Another major customer, Antillas Air, was bought out and no longer uses the services of the NEAF div.

6) Due to the losses, loss of major customers and negative publicity it was necessary to eliminate the NEAF operation as of 1/01/04. CTS no longer invoices or collects invoiced revenue from the NEAF operation.

7) David Bell is a witness for the government in the above-mentioned case, causing a conflict of interest and a desire to separate all ties to you and your husband.

8) Last of all, CTS fell victim to embezzlement by an employee. The amount embezzled placed CTS in a desperate financial situation from which it may not recover. The embezzlement was mostly due to the required absence of David Bell and his unique ability to oversee the bookkeeping operations of the business.

Very truly yours,

(Clark J. Cochran, Jr.
Attorney for Cargo Transportation, Inc.
and Stacey Bell

CJC/mo
cc: Stephen M. Zukoff, Esquire
cc: Mrs. Stacey Bell
cc: Cargo Transportation, Inc.